UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HENRIQUES,

        Petitioner,        Case No. 1:12-cv-408

v.        Honorable Paul L. Maloney

WILLIE SMITH,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.        Factual allegations

Petitioner, who is represented by counsel in this action, is incarcerated in the Carson City Correctional Facility. He originally pleaded guilty in the Kent County Circuit Court on October 23, 2008, to failing to comply with the Sex Offender Registration Act, MICH. COMP. LAWS § 28.729. While on probation from that offense in September 2010, Petitioner was charged with a probation violation for allegedly making thirty-one harassing, threatening and obscene phone calls to a Michigan Department of Corrections official. The alleged phone calls were made in February and March 2009, approximately a year-and-a-half before the probation violation charge was issued. Plaintiff pleaded not guilty to the charge. Following a hearing on October 27, 2010, the court found Petitioner guilty of the probation violation and sentenced him to imprisonment of twenty-eight to seventy-two months on the underlying offense.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals challenging the trial court's decision on the probation violation. In his application, Petitioner first argued that his due process rights were violated as a result of the delay between the alleged phone calls and the issuance of the probation violation charge. Petitioner contends that as a result of the delay, he could not recall his activities on the dates and times of the alleged telephone calls, and, thus, was unable to present a defense to the charge. Petitioner also claimed that the trial court erred by introducing recordings of the telephone calls because the recordings were made without obtaining a warrant. He further alleges that his trial counsel was ineffective for failing to challenge the admissibility of the recordings. The court of appeals denied Petitioner's application for leave to appeal on August 12, 2011, for lack of merit in the grounds presented. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

In his application for habeas corpus relief, Petitioner raises the same two claims that were presented in the Michigan Court of Appeals.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his claims in the Michigan Court of Appeals, but did not seek leave to appeal in the Michigan Supreme Court. Because Petitioner did not appeal his claims to the state's highest court, he fails to satisfy the exhaustion requirement. *See Duncan*, 513 U.S. at 365-66; *O'Sullivan*, 526 U.S. at 845. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C.

§ 2254(c). The time for seeking leave to appeal in the Michigan Supreme Court has expired,[1] but Petitioner may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals denied Petitioner's application for leave to appeal on August 12, 2011. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalex v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Because a party has 56 days in which to apply for leave to appeal to the Michigan

---

[1] Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2).

Supreme Court, Petitioner's conviction became final on October 7, 2011.  *See* MICH. CT. R. 7.302(C)(2).  Petitioner has one year, until October 7, 2012, in which to file his habeas application.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3]  The instant case does not present a mixed petition because none of Petitioner's claims are exhausted.  It is unclear whether *Palmer* applies to a "non-mixed" petition.  Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies.  Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[3] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

       The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

       This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated:  May 16, 2012                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge